Steven John Moser (SM1133)
STEVEN J. MOSER, P.C.
3 School Street, Suite 207B
Glen Cove, NY  11542
(516) 671-1150 * F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NERY ARMANDO SOSA,         Index No.:

                Plaintiff,      **COMPLAINT**

      -*against*-

GRIMALDI LLC and JENNIFER CIOLLI,

                Defendants.

The Plaintiff Nery Armando Sosa, by his attorney, Steven J. Moser P.C., files this complaint against Grimaldi, LLC d/b/a Grimaldi's Pizzeria and Jennifer Ciolli (collectively "Defendants" or "Grimaldi's").

**NATURE OF CLAIM**

1. This action is brought to remedy overtime, spread of hours, wage notice, and wage statement violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), New York Labor Law § 190, *et seq.* ("NYLL"), and the supporting regulations.

**JURISDICTION**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

**PARTIES**

4. Plaintiff, Sosa, was Defendants' employee within the meaning of the FLSA, and the NYLL.

5. Plaintiff, Sosa is a natural person who resides in Nassau County in the State of New York.

6. Defendant Grimaldi LLC is a New York Limited Liability Company.

7. Defendant Grimaldi, LLC does business Grimaldi's Pizzeria.

8. Defendant Grimaldi, LLC maintains a principal place of business at 980 Franklin Ave. Garden City, New York 11530.

9. For the three year period immediately preceding the filing of this complain, Grimaldi, LL, has been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 203(d).

10. For each of the calendar years years 2013, 2014 and 2015, Grimaldi, LLC had annual gross volume of sales made or business done of $500,000 or more.

11. At all relevant times, Grimaldi, LLC, has continuously been an employer within the meaning of the NYLL.

12. For the six year period preceding the filing of this complaint, Grimaldi, LLC operated a restaurant serving food and beverages to the public.

13. Defendant Jennifer Ciolli is a natural person residing at 24 Osborne Rd Garden City, New York 11530-3018.

14. Upon information and belief, Defendant, Jennifer Ciolli was a member of Grimaldi, LLC during the Plaintiff's employment.

15. Upon information and belief, Defendant Jennifer Ciolli operated Grimaldi, LLC during the Plaintiff's employment.

16. Upon information and belief, Defendant Jennifer Ciolli had the power to hire and fire the Plaintiff, supervised and controlled the work and schedule and conditions of Plaintiff's employment, determined the rate and method of pay, and maintained records of Plaintiff's employment.

17. Upon information and belief, Defendant Jennifer Ciolli exercised sufficient operational control to be deemed Plaintiff's employer under the FLSA and the NYLL.

**LAW**

*Minimum Wage*

18. Under the FLSA, employers who violate the minimum wage provision "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

19. Under the NYLL, an employee who is paid less than the minimum wage

> shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due…

NYLL§ 663(1).

20. For employees earning a weekly salary, the hourly rate is calculated by dividing the weekly compensation by the number of hours for which that compensation is intended. 29 C.F.R. § 778.112 (2013); *Santillan v. Henao*, 822 F. Supp. 2d 284, 295 (E.D.N.Y. 2011).

21. If the effective hourly rate is less than the state minimum wage, employees must be compensated at a rate that is at least equivalent to the state minimum wage rate. *See Solis v.*

*Tally Young Cosmetics, L.L.C.*, No. 09-CV-4804 (SJ)(JO), 2011 U.S. Dist. LEXIS 35333, at *24, 2011 WL 1240341 (E.D.N.Y. Mar. 4, 2011).

22. Under the NYLL, the hourly minimum wage was $7.25 from July 24, 2009 to December 30, 2013; $8.00 from December 31, 2013 to December 30, 2013; $8.75 from December 31, 2014 to December 31, 2015.  12 N.Y.C.R.R. §§ 137-1.2 & 146-1.2.

*Overtime*

23. Under the FLSA, "no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 USCS § 207(a)(1).

24. Under the NYLL "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."  12 N.Y.C.R.R. §§ 137-1.3 (effective Jul. 24, 2009-Dec. 31, 2010) & 146-1.4 (effective January 1, 2011).

25. Pursuant to the FLSA, an employee is entitled to compensation for all hours worked in excess of the regular forty hour workweek at the overtime premium of one and one-half times an employee's hourly pay.  29 U.S.C. § 207.

*Spread of Hours Pay*

26. Prior to January 1, 2011, restaurant employees earning at or near the minimum wage were entitled to an additional hours pay at the minimum wage for each day in which the spread of hours exceeds 10.  12 N.Y.C.R.R. § 137-1.7.

27. On and after January 1, 2011, restaurant employees are entitled to the spread of hours premium for each day on which their spread of hours exceeds ten, regardless of the employee's regular rate of pay. 12 NYCRR § 146-1.6.

28. Where an employer fails to pay the required spread of hours premium, the employee is entitled to compensatory and liquidated damages. *Paz v. Piedra*, No. 09 Civ. 03977 (LAK) (GWG), 2012 U.S. Dist. LEXIS 4034, 2012 WL 121103, at *9 (S.D.N.Y. Jan. 12, 2012); *Benavidez v. Plaza Mex. Inc.*, No. 09 Civ. 9574 (THK), 2012 U.S. Dist. LEXIS 19206, 2012 WL 500428, at *5 (S.D.N.Y. Feb. 14, 2012).

*Wage Notice*

29. Under the an employer must provide employees a wage notice at the time of hiring stating, inter alia, the employee's regular rate of pay and overtime rate. NYLL § 195(1)(a). (Hereinafter "Wage Notice").

30. Under the NYLL,

> [i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of two thousand five hundred dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.

NYLL § 198(1-b).

*Wage Statements*

31. Under the NYLL, every employer must

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

NYLL § 195(3) (hereinafter "Wage Notice").

32. Under the NYLL,

> If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.

NYLL § 198(1-d).

*Records*

33. The NYLL requires employers to make, keep, and preserve records of employment, including hours worked and wages paid, for 6 years. Employers who fail to maintain the appropriate records "bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements." NYLL § 196-a; *Gomez v. El Rancho De Andres Carne De Tres Inc.*, No. 12-CV-1264 (CBA) (MDG), 2014 U.S. Dist. LEXIS 45580, at *17-18 (E.D.N.Y. Mar. 11, 2014).

**FACTUAL ALLEGATIONS**

34. Mr. Sosa was employed by Grimaldi's from approximately April 2009 until April of 2015.

35. The Plaintiff worked in the kitchen.

36. He cleaned the restaurant and kitchen, washed dishes, and prepared food.

37. Sosa was scheduled to work from 9:00 am until 10:30 pm Tuesday through Saturday.

38. Sosa was often required to stay until 1:00 am, after the last guest left for the night and he could clean the restaurant. He was not paid for this post-shift work.

39. Plaintiff arrived to work at approximately 8:30 am each day to begin work. He was not paid for this pre shift work.

40. Although his weekly hours worked varied from week to week, he regularly worked 84 hours per week, and during virtually every workweek he worked more than 40 hours per week.

41. Grimaldi's did not pay Mr. Sosa an hourly wage.

42. Grimaldi's did not pay Mr. Sosa an overtime premium when Mr. Sosa worked more than 40 hours per week.

43. Grimaldi's paid Mr. Sosa $600 dollars a week in cash regardless of the number of hours he worked.

44. When he worked 84 hours, his wages amounted to $7.14 per hour.

45. Grimaldi's failed to pay Mr. Sosa spread of hours pay when he worked a spread of hours of more than ten.

46. Grimaldi's did not provide Mr. Sosa a wage notice that complied with the requirements of NYLL § 195(1).

47. Grimaldi's did not furnish Mr. Sosa with a wage statement with each payment of wages that complied with NYLL § 195(3).

48. Grimaldi's failed to accurate record the hours worked by Mr. Sosa.

### FIRST CAUSE OF ACTION
### Minimum Wages under the Fair Labor Standards Act
### 29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 206 & 216)

49. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

50. Defendants were required to pay Plaintiff at a rate not less than the minimum wage as prescribed by law.

51. Defendants did not pay Plaintiff the minimum wages to which he was entitled.

52. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Therefore, a three year statute of limitations applies. 29 U.S.C. § 255.

53. Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## SECOND CAUSE OF ACTION
### Minimum Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations

54. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

55. Defendants knowingly paid Plaintiff less than the New York State minimum wage.

56. Defendants' failure to pay Plaintiff the New York State minimum wage was willful.

57. Plaintiff is entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## THIRD CAUSE OF ACTION
### Overtime Wages under the Fair Labor Standards Act
### 29 U.S.C. §§ 201, *et seq.* (29 U.S.C. §§ 207 & 216)

58. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

59. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff

60. Defendants are required to pay Plaintiff at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

61. Defendants failed to pay the Plaintiff overtime compensation by misclassifying him as exempt and paying him a weekly salary, in cash.

62. Defendants failed to pay Plaintiff overtime wages for all of the hours worked in excess of 40 hours in a work week.

63. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Therefore, a three year statute of limitations applies. 29 U.S.C. § 255.

64. Plaintiff is entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

### FOURTH CAUSE OF ACTION
### Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations

65. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

66. Defendants are required to pay Plaintiff at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

67. Defendants willfully deprived the Plaintiff of the overtime wages to which he was entitled.

68. Plaintiff is entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

### FIFTH CAUSE OF ACTION
### Spread of Hours Pay under 12 NYCRR §§137 & 146

69. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

70. Plaintiff regularly worked a spread of hours that exceeded ten hours.

71. Defendants failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day in which the spread of hours exceeded ten (10).

72. By Defendants' failure to pay Plaintiff spread of hours pay, Defendants have violated the NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations, specifically 12 NYCRR § 146-1.6 and its predecessor 12 NYCRR § 137-1.7.

73. Plaintiff is entitled to compensatory and liquidated damages, as well as attorney's fees, costs, and prejudgment interest.

## SIXTH CAUSE OF ACTION
### Wage Notice Violations under NYLL §§ 195 and 198

74. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

75. NYLL § 195(1)(a) requires an employer furnish to each employee a notice at the time of hiring or change in pay that contains *inter alia*, the rate of pay, the regular day on which pay is dispersed, the name of the employer and its contact information, and any allowances taken.

76. Defendants failed to provide the wage notice to Plaintiff as required by NYLL § 195(1)(a).

77. Plaintiff is each entitled to recover liquidated damages, together with costs and reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
### Wage Statement Violations under NYLL §§ 195 and 198

78. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

79. NYLL§ 195(3) requires an employer furnish to each employee "a statement with every payment of wages," listing *inter alia,* the dates of work covered by that payment of wages,

name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof.

80. Defendants failed to provide the wage statements to Plaintiff as required by NYLL § 195(3).

81. Plaintiff is entitled to recover liquidated damages, together with costs and reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Unpaid minimum wages and an amount equal to unpaid minimum wages under the NYLL and the FLSA;

B. Unpaid overtime pay and an amount equal to unpaid overtime as liquidated damages under the NYLL and the FLSA;

C. Spread of hours pay;

D. Liquidated damages on all NYLL Claims;

E. Statutory damages for each violation of the notice provisions of NYLL § 195;

F. Statutory damages for each violation of the wage statement provisions of NYLL § 195;

G. Reasonable attorney's fees and costs of the action;

H. Prejudgment interest; and

I. Such other relief as this Court shall deem just and proper.

Dated: Glen Cove, New York
January 2, 2016

Respectfully submitted,
STEVEN J. MOSER, P.C.

By:  Steven J. Moser
3 School Street, Suite 207 B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*