

WWW.RIVKINRADLER.COM

SCOTT R. GREEN
PARTNER
(516) 357-3139
scott.green@rivkin.com

February 25, 2016

**VIA ECF**

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:  *Sosa v. Grimaldi LLC, et. al.*
          <u>Docket No.: 16-cv-00252</u>

Your Honor:

This firm represents defendants Grimaldi LLC ("Grimaldi") and Jennifer Ciolli ("Ms. Ciolli") ("Defendants"). We write to request a pre-motion conference with the Court to address Defendants' anticipated motion to dismiss Plaintiff Nery Armando Sosa's ("Plaintiff") Complaint in its entirety. Defendants' anticipated motion seeks to dismiss the Complaint as Plaintiff has: (i) failed to sufficiently plead that Ms. Ciolli qualifies as an "employer" under the FLSA, and; (ii) failed to plead a plausible FLSA overtime claim under the pleading standard articulated by the Second Circuit in *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013).

First, it is clear that Plaintiff has failed to allege that Ms. Ciolli is an "employer," as defined by the FLSA. In the Second Circuit, courts apply a four-factor economic realities test to determine whether an individual can be held liable as an employer under the FLSA and consider whether an individual: (i) had the power to hire and fire the employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment; and (iv) maintained employment records. *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013)(*quoting Carter v. Duchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). This four-factor economic

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



February 25, 2016
Page 2

realities test is applied to the totality of the circumstances. No single factor is dispositive of the inquiry. *Irizarry*, 722 F.3d at 106.

To establish individual liability, an FLSA plaintiff must also prove that the individual defendant had operational control over the plaintiff's employment. The Second Circuit has held:

> Evidence that an individual is an owner or officer of a company or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate "employer" status. Instead to be an "employer", an individual defendant must possess control over a company's actual "operations in a manner that relates to a plaintiff's employment. It is appropriate,…to require some degree of individual involvement in a company in a manner that affects employment-related factors such as a workplace conditions and operations, personnel or compensation – even if this appears to be establish a higher threshold for individual liability than for corporate "employer" status.

*Irizarry*, 722 F.3d at 109.

Here, Plaintiff has failed to plead facts sufficient to satisfy this heightened pleading threshold for individual liability. For instance, the Complaint alleges, in a bare, conclusory fashion, that Ms. Ciolli must be an "employer" under the FLSA and NYLL because, in sum and substance, "upon information and belief," she "had the power to hire and fire the Plaintiff, supervised and controlled the work and schedule and conditions of Plaintiff's employment, determined the rate and method of pay, and maintained records of Plaintiff's employment." *See Complaint* ¶¶ 13-17. However, the Complaint is devoid of *any facts* demonstrating that Ms. Ciolli established Grimaldi's wage and timekeeping policies or actually exercised the power and ability to hire, fire and discipline Plaintiff. In fact, the Complaint fails to even allege that Plaintiff ever had any direct contact with Plaintiff. Because Plaintiff has failed to plead that Ms. Ciolli is an "employer," his claim against her should be dismissed. *See Irizarry*, 722 F.3d at 105; *see also Tracy v. NVR, Inc.*, No. 04–CV–6541L, 2009. WL 3153150, at *4 (W.D.N.Y. Sept. 30, 2009) ("Generally, corporate officers and owners held to be employers under the FLSA have had some direct contact with the plaintiff employee, such as personally supervising the employee's work, including determining the employee's day-today work schedule or tasks, signing the employee's paycheck or directly hiring the employee.").
Second, in *Lundy*, the Second Circuit noted that to state a plausible FLSA overtime claim and survive a motion to dismiss, a plaintiff must allege specific facts demonstrating that he or she "worked compensable overtime in a workweek longer than 40 hours" and was not compensated for that time.



February 25, 2016
Page 3

711 F.3d at 114. Additionally, the Second Circuit had held that a plaintiff must provide "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that [he or she] worked more than forty hours in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).

Here, Plaintiff failed to plead specific facts to satisfy this pleading requirement. Preliminarily, Plaintiff alleges that he came in early for work, but was not compensated for "pre-shift" work. *Complaint at ¶¶37, 39*. The Complaint does not contain any allegations that Plaintiff actually worked during this pre-shift period. *See 29 C.F.R. § 785.48 (a)*(indicating that "employees who voluntarily come in before their regular starting time or remain after their closing time, do not have to be paid for such periods provided, of course, that they do not engage in any work").

Moreover, Plaintiff's Complaint merely recites general information regarding Plaintiff's alleged work hours, typical schedule and pay and concludes that he was not paid overtime for any hours worked over forty a week. *See Complaint ¶¶ 37-44*(alleging that "[a]lthough Plaintiff's weekly hours varied from week to week, he regularly worked 84 hours per week, and during *virtually* every workweek he worked more than 40 hours per week") (emphasis added). Plaintiffs' recycled, vague and conclusory allegations do not to cross the minimum pleading threshold necessary to state a viable wage and overtime clam under the FLSA. *See Nardiello v. Maureen's Kitchen, Inc.,* No. 14-cv-4070(JS)(AKT), 2015 U.S. Dist. LEXIS 32574, at *7 (E.D.N.Y. Mar. 17, 2015).

Plaintiff's conclusory allegations are similar to the allegations in *Bustillos v. Academy Bus*, LLC, No. 13-CV-565, 2014 WL 116012 (S.D.N.Y. 2014), where the plaintiff claimed that he regularly worked in excess of forty hours per week. In *Bustillos*, the Court dismissed the FLSA claim reasoning that:

> [T]hese allegations boil[] down to a conclusory assertion[s], without any supporting factual context, that the defendants violated the FLSA overtime provisions because the plaintiff worked some number of excess hours in some unidentified week. Although Mr. Bustillos has alleged a broad range of hours he claims he "regularly worked" absent any factual allegations that give context to this claim, the Court cannot say that his claim is any more plausible – or any less "threadbare [and] speculative" –than the pleadings rejected by the Second Circuit.

*Bustillos*, 2014 WL 116012 at *3.



February 25, 2016
Page 4


Similar to *Bustillos*, here, Plaintiff has proffered nothing more than conclusory assertions without any supporting factual context to support his FLSA overtime claim.

                    Respectfully submitted,

                    RIVKIN RADLER LLP

                    *Counsel for Defendants*

                    _____/s/_____
                    Scott R. Green

To: All Parties via ECF

3358157 v1